JOE KORAN, *Appellee*, v. THE METROPOLITAN STREET RAILWAY COMPANY, *Appellant*.

No. 17,183.

SYLLABUS BY THE COURT.

NEGLIGENCE—*Passenger—Transfer—Personal Injuries—Passing Cars*. The defendant operates a double-track railway running east and west. West-bound cars run on the north track and east-bound cars run on the south track. Passengers are transferred to west-bound cars from another line operated by the defendant coming from the south. To make the transfer it is necessary to cross a portion of the street and to cross the south track of the double line. At a certain time of day persons make this transfer with a rush and in sufficient numbers to crowd the cars. To receive them the rear vestibules of west-bound cars are opened on the north side and the front vestibules are opened on the south side. At the time of day referred to the plaintiff, who had paid his fare

and had been given a transfer entitling him to ride on a west-bound car, made this transfer with a number of others. He crossed the street, crossed the south track, crossed the space intervening between the tracks, and mounted the step of the west-bound car while it was standing still. Other persons entered ahead of him on the same side of the car, the vestibule was crowded, and he had no room to get higher. He waited a brief period for the people to get settled and then tried to put his foot up another step, when he was struck by an east-bound car on the south track. *Held:* (1) The plaintiff was a passenger and entitled to the protection due a passenger. (2) It was the duty of the defendant to afford persons in the situation of the plaintiff time and opportunity to reach a place of safety within or on the car before running cars by them on the south track. (3) The facts stated are sufficient to warrant an inference of negligence in the operation of the east-bound car without proof of its distance from the plaintiff when he crossed the south track, or its rate of speed, or the distance it traveled before it struck him.

Appeal from Wyandotte court of common pleas. Opinion filed November 11, 1911. Affirmed.

*O. L. Miller, Samuel Maher,* and *C. A. Miller,* for the appellant.

*James F. Getty,* and *D. F. Carson,* for the appellee.

The opinion of the court was delivered by

BURCH, J.: The plaintiff recovered judgment against the defendant for damages resulting from personal injuries claimed to have been inflicted through the conduct of one of the defendant's motormen in negligently running a car against the plaintiff without warning and violently knocking him to the pavement. The defendant appeals.

The defendant operates a double-track street railway on Kansas avenue, running east and west in Kansas City, Kan. West-bound cars run on the north track and east-bound cars run on the south track. Packard street extends north and south, intersecting Kansas avenue. On Packard street the defendant operates a

street railway which approaches the Kansas avenue line from the south, curves east on Kansas avenue and connects with the Kansas avenue line on the east side of Packard street. Passengers are regularly transferred from cars on the Packard street line to cars going west on the Kansas avenue line. Cars on the Packard street line are stopped at the south side of Kansas avenue to allow transferring passengers to alight, and cars on the Kansas avenue line are stopped on the west side of Packard street to allow such passengers to come aboard. It is necessary, therefore, for persons making this transfer to pass in a northwesterly direction over a portion of Kansas avenue and to cross the south line of track on that street. Cars going east on this track also stop on the west side of Packard street, making that point a regular stopping place for cars going in both directions. At a certain time in the afternoon it is usual for men and women to transfer from the Packard street line to west-bound cars with a rush and in sufficient numbers to crowd the cars.

The plaintiff was injured at the time of day referred to, while boarding a car bound westward on Kansas avenue. He had come from Argentine on the Packard street line, had paid his fare, and had been given a transfer for transportation on the car which he tried to take. This car admitted passengers on the north side of the rear vestibule and on the south side of the forward vestibule. A number of persons left the Packard street car for the west-bound car at the same time as the plaintiff. Some of them boarded the west-bound car at the rear end and some at the front end. When the plaintiff left the Packard street car he saw the west-bound car moving to the stopping point, where it stopped. He crossed over, and attempted to enter at the front vestibule, while the car was standing still. Other persons were ahead of him and the vestibule was crowded. He carried a dinner bucket and a small sack in his left hand. He stepped upon the bottom step, but

had no room to get higher. He waited a brief period for the people to get settled, and then tried to put his foot up another step, when he was struck by a car going east on the south track. The tracks were so close together that the plaintiff was rolled between the two cars and finally dropped to the ground. It was daylight at the time and there was nothing to obstruct the view of the motorman of the east-bound car.

The refusal of the court to instruct a verdict for the defendant is assigned as error. It is argued that the plaintiff was not a passenger but was merely a traveler on the street. It is further argued, however, that if he were a passenger the circumstances were not such that an inference of negligence could arise from the event itself, as in the case of a collision or derailment, so that in either view it was incumbent on the plaintiff to prove negligence by showing the distance of the east-bound car from him when he crossed in front of it, its rate of speed, the distance it moved, and other facts establishing the motorman's opportunity and conduct.

There is no doubt that the plaintiff was a passenger and entitled to the protection due a passenger. It was the business of the west-bound car to take on persons transferring from the Packard street line. Apparently to facilitate the business both vestibules were opened for the reception of such persons, and the plaintiff had the right to believe that he would be received at the open entrance at the south side of the forward end of the car. Others ahead of the plaintiff were taken on there, no objection or obstacle was interposed to his reception there, and he was in fact received there. He crossed the street and crossed the south track in safety and left them both behind. He had paid his fare and had received a transfer slip entitling him to ride, and he had left the ground, mounted the step of the car, and was in the act of entering it when he was injured. It is difficult to perceive that anything more was required to constitute the plaintiff a passenger.

Now what is the duty of a street-car company in the situation of the defendant to travelers like the plaintiff who are invited by customary methods and open vestibules to occupy the narrow space between tracks while in the act of effecting a diligent entrance to a loading car? Very clearly it is imperative that time should be given to allow such persons to reach a place of safety within or on the car, and until peril no longer exists to forbear operating cars on the parallel track at that point. In this case the motorman of the east-bound car was required to anticipate the conditions which existed about the west-bound car, which had arrived first at the stopping place; to anticipate that the plaintiff's entrance into the car might be delayed by the crowded state of the car and by those who preceded him; and to refrain from running by until the plaintiff, whose movements were necessarily constrained by the circumstances, had time and opportunity to get out of danger. Therefore, the jury had the right to conclude that, under the conditions as they existed at the time, the act of propelling the car against the plaintiff was due to negligence.

The defendant offered evidence, which was rejected, of experiments showing that a man could stand in various positions on the steps of the west-bound car without being struck by a car moving on the other track. The purpose was to contradict the plaintiff and to show contributory negligence. The plaintiff himself admitted that he had accomplished the feat of riding on the car steps without injury, from cars passing on the other track, and if received the evidence offered would have been of no value in determining the prudence of the plaintiff's movements as he was trying to gain an entrance to the crowded platform of a receiving car.

Several instructions were requested relating to the defense of contributory negligence. The first one was incorrect as a matter of law. It is not necessarily negligent to attempt to board a moving car. The second and

fifth undertook to make specific application of the duty to use due caution. These instructions applied to the case of an ordinary traveler on the street only, and took no account of the peculiar conditions existing at the time at this transfer point. Yet they were general in form, and if given would have applied to the situation of the defendant as he claimed it to be, which would have been wrong. The third instruction included the misstatement that there was no evidence of an improper handling of either car. The fourth, intended to present the defendant's theory of the case, and the sixth were sufficiently covered by instructions which were given.

In one portion of an instruction given defining negligence and contributory negligence the court said that negligence, to be deemed contributory, must be "the direct or proximate cause of injury," instead of "a direct or proximate cause of injury," or "one of the direct or proximate causes." The instructions as a whole, however, forbade the conception that contributory negligence must be the sole cause of injury in order to bar recovery.

The petition alleged negligence on the part of the motorman of the east-bound car only. The court in its instructions covered negligence on the part of the motorman of the west-bound car also. The foundation for this instruction was furnished by evidence introduced by the defendant itself, and the third instruction requested by the defendant recognized that its entire conduct at the time the plaintiff was injured was in issue. If the issue had been broadened by evidence introduced by the plaintiff without objection, it would be held that the defendant consented. Having voluntarily produced the same effect the defendant is in no better position to complain. All the evidence considered, however, there is scarcely room for even a conjecture that the jury regarded the motorman of the west-bound car as blameworthy.

The court is not able to say that other errors assigned were prejudicial to the substantial rights of the defendant and the judgment of the district court is affirmed.